IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRESTLE CREEK ASSOCIATION, | CV-25-155-M-KLD |
| Plaintiff, | ORDER |
| v. | |
| STEPHEN R. SCHOOLEY, JODY F. SCHOOLEY, | |
| Defendants. | |

Defendants Stephen R. Schooley and Jody F. Schooley, both of whom are proceeding pro se, removed this case from state court on September 25, 2025 (Doc. 1). Plaintiff Trestle Creek Association has filed a motion to remand for lack of subject matter jurisdiction. (Doc. 4). For the reasons stated below, Trestle Creek's motion is granted and this case is remanded to state court.

**I.     Background**

In August 2025, Trestle Creek filed suit against the Schooleys in the Montana Fourth Judicial District Court to resolve an easement dispute. (Doc. 5-1) As alleged in the state court complaint, Trestle Creek is a Montana nonprofit corporation and owns the Trestle Creek Golf Course in St. Regis, Montana. (Doc. 5-1 at ¶ 1). The Schooleys are the owners of a lot that borders the golf course and is shown on the subdivision plat for Trestle Creek III. (Doc. 5-1 at ¶¶ 3-4). The

1

subdivision plat for Trestle Creek III includes a golf course easement on the Schooleys' lot along the border of the Trestle Creek golf course. (Doc. 5-1 at ¶ 5). Trestle Creek alleges that the Schooleys took title to their property subject to the easement and have constructed a fence on their property "within the golf course easement such that it obstructs access to the easement." (Doc. 5-1 at ¶¶ 7, 11). Trestle Creek claims that the fence constitutes an encroachment and unreasonable interference with its golf course easement and seeks a declaratory judgment to that effect. (Doc. 5-1 at ¶ 16). Trestle Creek also requests injunctive relief ordering the Schooleys "to immediately remove their fence from the golf course easement and to refrain from placing any other encroachments within the easement." (Doc. 5-1 at ¶ 21).

On September 25, 2025, the Schooleys removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1). Trestle Creek moves to remand the case to state court pursuant to 28 U.S.C. § 1447(c) on the ground that federal question jurisdiction is lacking. The Schooleys, in turn, have filed a motion for summary judgment asking the Court to rule as a matter of law that Trestle Creek's easement is invalid and unenforceable. (Doc. 6). The Schooleys also seek a preliminary injunction preventing Trestle Creek from enforcing the easement on their property. (Doc. 6).

**II.    Legal Standards**

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377. "A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005) (citing 28 U.S.C § 1441).

The procedure for removing a civil action from state court to federal court is set forth in 28 U.S.C. § 1446. The statute requires the defendant to file a notice of removal "containing a short and plain statement of the grounds for removal" in the federal district court where the action is pending. 28 U.S.C. § 1446(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Academy of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Consistent with the standards applicable to pro se pleadings, the Court construes the notice of removal liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (courts "have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints").

## III. Discussion

The Schooleys' notice of removal asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the sole basis for federal subject matter jurisdiction. (Doc. 1 at 1). Section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

To support their assertion of federal question jurisdiction, the Schooleys allege in their notice of removal that Trestle Creek's actions violate § 3604(f) of the federal Fair Housing Act, 42 U.S.C. § 3601 et seq., which prohibits discriminatory housing practices based on disability. (Doc. 1 at 2). The Schooleys also claim that their property is guaranteed by a Veterans Affairs (VA) loan, and that Trestle Creek's lawsuit threatens the validity of the VA loan and undermines their "federally protected housing rights under VA regulations requiring clear title." (Doc. 1 at 2, citing 38 C.F.R. § 36.4354). The Schooleys argue these

purported defenses and counterclaims provide a basis for federal question jurisdiction.[1] (Doc. 11),

It is well settled, however, that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (italics in original). Likewise, a federal counterclaim cannot serve as the basis for federal question jurisdiction. *See e.g. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002); *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) (stating that "a case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint" and "removability cannot be created by defendant pleading a counter-claim presenting a federal question") (citations omitted).

There are no allegations in the complaint suggesting that Trestle Creek's claims against the Schooleys arise under federal law or otherwise involve a federal

---

[1] Trestle Creek moves to strike this filing, which is entitled *Defendants' Motion for Dismissal with Prejudice and Opposition to Motion for Remand*, on the ground that it is an additional, unpermitted brief in opposition to Trestle Creeks already fully briefed motion to remand. (Doc. 12). Trestle Creek is correct. *See* District of Montana Local Rule 7.1(d)(1)(D). Given the Schooleys' pro se status, however, the Court construes their filing as an additional brief in opposition to Trestle Creek's motion to remand and will accept the filing. But even considering their additional brief, the Schooleys have not established a basis for federal subject matter jurisdiction.

question as required for the Court to have jurisdiction under 28 U.S.C. § 1331. To the contrary, Trestle Creek's claims arise out of an alleged easement encroachment and are based on Montana law. Because there are no federal claims on the face of Trestle Creek's complaint, and a case may not be removed to federal court on the basis of a federal defense or counterclaim, federal question jurisdiction is lacking.

Diversity subject matter jurisdiction is also lacking. The diversity jurisdiction statute, 28 U.S.C. § 1332, requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The record reflects that Trestle Creek—identified in the complaint as Montana nonprofit corporation—and the Schooleys are all citizens of Montana. (Doc. 1 at ¶¶ 1, 3). Additionally, there is no allegation in the pleadings or evidence in the record that the amount in controversy exceeds $75,000. (Docs. 1, 5-1). Accordingly, there is no basis for the Court to exercise diversity jurisdiction.

Finally, contrary to the Schooleys' assertion in their additional response brief (Doc. 11 at 9), the Court may not exercise supplemental jurisdiction over Trestle Creek's state law claims pursuant to 28 U.S.C. § 1367(a). The "plain language" of § 1367 "makes clear that jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). As

explained above, the Court does not have original subject matter jurisdiction over the claims asserted in Trestle Creek's complaint. Even if the Court had the discretion to decide whether to exercise supplemental jurisdiction, it would decline to do so because there are no claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

Where, as here, the district court lacks subject matter jurisdiction over the asserted claims, remand to state court is the proper remedy. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court does not address the Schooleys' motion for summary judgment and for a preliminary injunction because it lacks jurisdiction to do so.

### IV. Conclusion

For the reasons stated above,

IT IS ORDERED that Trestle Creek's Motion to Remand (Doc. 4) is GRANTED and this case is remanded to the Montana Fourth Judicial District Court, Mineral County.

DATED this 18th day of November, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge